The judgment appealed from is therefore affirmed.

OVERTON, J., concurs in the decree.

(117 So. 579)

No. 29146.

### VITALE v. CHECKER CAB CO., Inc.

### In re CHECKER CAB CO.

May 7, 1928.  Rehearing Denied June 4, 1928.

Paul L. Fourchy, of New Orleans (J. L. Warren Woodville, of New Orleans, of counsel, and Benj. W. Kernan, and Dufour, Rosen & Kammer, all of New Orleans, amicus curiæ), for applicant.

George Piazza, of New Orleans, for respondent.

THOMPSON, J.  The plaintiff received serious physical injuries, and her husband was killed, in a collision between a motor truck driven by plaintiff's husband and a taxicab operated by an employee of defendant company.

The plaintiff and her husband were only

20 years of age, and had been married a little over a month. The husband was on his usual rounds, delivering bread to his customers, and his young wife was traveling with him. The husband lived about 40 hours after the accident and the plaintiff suffered severe pain from her injuries for several months.

This suit is to recover for her own injury and suffering, from the pain and suffering of her husband, to which right of action she succeeded, and for mental suffering and loss sustained by her on account of the death of her husband.

The collision occurred at the intersection of Banks and Broad streets, this city. Each of said streets has two driveways, with a neutral ground in the middle.

The cab of defendant proceeded along the upper side of Banks street, in the direction leading from the lake side to the river. The truck was on the lake side of Broad street, and was going uptown toward Tulane avenue. The two vehicles came together in a violent impact just beyond where Banks street completes the crossing on the lake side of Broad. The right front axle of the truck was bent into almost a sharp curve, and the truck was turned over, while the cab, in the language of the trial judge, ran across the neutral ground to the riverside roadway of Broad street, and on to an oil station on the uptown river corner of Broad and Banks, where it struck a brick pillar in front of the oil station, and swerved around, and stopped in the intersection of Broad and Banks streets.

There were quite a number of eyewitnesses, who testified in the case both for the plaintiff and for the defendant, and their testimony is conflicting and impossible of reconciliation. The trial judge stated that, in his nine years' experience on the bench, he had never had a case involving only questions of fact which "puzzled and worried" him as much as the instant one. His final conclusion was, however, that the evidence failed to establish that the proximate cause of the collision was attributable to the defendant, and he rejected the plaintiff's demand. In concluding his reasons, the trial judge says:

"It is lucky for me that we have three capable, industrious, and painstaking gentlemen composing the bench of the Court of Appeal, to whom this appeal will go. The testimony in the case will be written out, and they will review my work.

"I therefore, with full confidence that the Court of Appeal will correct any error that I make, if I make any, order a judgment to be entered in favor of the defendant."

The Court of Appeal, after a careful study of the record, found that both the driver of the truck and of the cab were guilty of negligence, and that the concurring negligence of the two continued down to the collision.

The court held, however, as a matter of law, that the contributory negligence of plaintiff's husband was not imputable to her, and was no bar to her recovery for her own personal injuries and for the death of her husband.

We find no manifest error in the conclusion of fact of the Court of Appeal, and therefore accept it.

We may add, however, that the surrounding circumstances, the position of the truck and the cab when approaching the street intersection, and the disastrous and fatal result of the collision, tend strongly to indicate that each driver was proceeding at an undue speed at such a prominent street intersection, and with an utter indifference to the safety of the public and to that of the other driver as well as of himself. The impact must have, indeed, been violent and terrific, considering that the axle of the truck was so badly bent and the truck turned over, while the cab went wild and uncontrollable a distance of more than 150 feet, its movement only to be checked by a brick pillar at an oil station.

The legal question presented, and the one upon which the case was called up for review,

is whether or not the concurring negligence of the husband is imputable to the wife, and is a bar to her recovery for her own physical injuries and for the loss occasioned by the death of her husband.

It is conceded that, where the husband is guilty of contributory negligence which caused his death, the widow cannot recover for the pain and suffering endured by him, upon the principle that, being at fault himself, he could not recover if he had continued to live, and no greater right is transmitted under the law to his widow.

It is also conceded, practically, at least, that the plaintiff is entitled to recover for the physical personal injuries received by her, notwithstanding the contributory negligence of her husband.

We confess, however, that we have been unable to find in our own jurisprudence any case in which this precise question has been considered.

The rule is well settled that the negligence of a driver of a vehicle is not imputable to a guest of such driver, and is no bar to an action by the guest for recovery of such damage as may have been occasioned by such negligence. Churchill v. T. & P. Ry. Co., 151 La. 726, 92 So. 314; Cuneo v. N. O. R. & Light Co., 147 La. 1012, 86 So. 477; Broussard v. La. Western, 140 La. 517, 73 So. 606.

In none of these cases, and in no case we have been able to find, was the question involved as to whether the wife may be considered as a guest, when traveling in a vehicle driven by and under the exclusive control of her husband.

The great weight of authority in other jurisdictions is to the effect, however, that the wife, when traveling in a vehicle driven by and under the control of her husband, is in no different position from that which she would occupy if the driver of the vehicle had been a person other than the husband.

Thus in 20 R. C. L. p. 151, it is said:

"There appears to be little or no dissent to the proposition that the negligence of the husband is not to be imputed to the wife, unless he is her agent in the matter in hand, or they are jointly engaged in the prosecution of a common enterprise.

"The mere existence of the marital relation will not have the effect to impute the negligence of the husband or wife to the other."

And in the same work (volume 13, p. 1438) it is said:

"The better view, however, is that, although a wife is injured while riding with her husband, his negligence will not, by reason merely of the marriage relation, be imputed to her, so as to preclude her recovery for the injuries received; that in such a case the mere relation of husband and wife does not make the husband the agent of his wife, so as to render his negligence imputable to her, and there is no sound reason why the prevailing view that the negligence of a driver is not to be imputed to one riding with him does not apply to a wife riding with her husband, nor why she may not be in such a case a mere passive guest, without authority to direct or control his movements, and without reason to suspect his prudence or skill."

In the case of Louisville Ry. Co. v. McCarthy, 129 Ky. 814, 112 S. W. 925, 19 L. R. A. (N. S.) 230, 130 Am. St. Rep. 494, it was held that:

"The negligence of the husband or wife * * * should not be attributable to or charged to the other, unless it should appear that in that particular instance the relation of principal and agent or master and servant existed between them. The mere fact that the one is the husband or the wife of the other should not render him or her answerable for the negligence of the other."

In Knoxville Ry., etc., v. Vangilder, 132 Tenn. 487, 178 S. W. 1117, L. R. A. 1916A, 1111, the court said:

"The negligence of a man in driving his automobile cannot be imputed to his wife, who is riding with him as his guest, if she has no control over his actions, so as to prevent recovery by her from a stranger for injury to which the latter's negligence contributed."

This seems to be the holding of the courts in all of the states to which our research has

extended. See note of cases, 30 R. C. L. p. 151.

The only exception we have been able to find is in those states where the wife cannot sue in her own name, and is not entitled to receive the money recovered for her personal injuries.

The reason for denying recovery in those states is that the husband cannot be permitted to create the cause of action by his negligent conduct, and then reap the benefit which his interest in the action confers.

In this state, however since the passage of Act 68 of 1902 damages for personal injuries to the wife are her separate property, and recoverable by her alone without joining her husband.

There is, therefore, no good and valid reason why this court should not adopt the rule prevailing in a majority of the states to the effect that the contributory negligence of the husband may not be imputed to his wife in an action for personal injuries received by the wife, due to such contributory negligence.

The rule appears to be different, however, with respect to the wife's right of action on account of the death of her husband. We have not found a single case, either in our own jurisprudence or in that of other jurisdictions, where the widow has been permitted to recover for the death of her husband, where such death was shown to have been brought about by his own contributory negligence.

In the case of Dora Bunt v. Sierra Butte Gold Mining Co., 138 U. S. 484, 11 S. Ct. 464, 34 L. Ed. 1031, the Supreme Court of the United States found that the death of plaintiff's husband was due directly and proximately to his own negligence and rejected the plaintiff's demand.

The same rule has been adopted by this court.

In the case of Brown v. T. & P. Ry. Co., 42 La. Ann. 350, 7 So. 682, 21 Am. St. Rep. 374,

the parents were denied recovery for the death of their son occasioned by his contributory negligence.

In Barnhill v. T. & P. Ry. Co., 109 La. 44, 33 So. 63, the widow was denied recovery because of the contributory negligence of her husband.

In Harrison v. La. Western R. Co., 132 La. 761, 61 So. 782, the widow's claim for damages for the death of her husband was rejected because of his contributory negligence.

To the same effect was the ruling in Castile v. O'Keefe, 138 La. 480, 70 So. 481; Nelson v. T. & P. Ry. Co., 140 La. 676, 73 So. 769; Nolan v. Illinois Central Ry. Co., 145 La. 484, 82 So. 590.

In none of the cases noted was the rule of imputation of negligence referred to or discussed. The court seemed to have assumed or taken for granted that, where the death was caused by the contributory negligence of the deceased, it followed as a matter of course that, if the deceased could not have recovered, had he survived the injuries, his widow or his heirs could not do so.

It is difficult to give a satisfactory reason for the distinction between the line of jurisprudence which allows the wife to recover for personal injuries to herself, despite the contributory negligence of the husband, and the line of decisions which denies the recovery by the widow for the death of her husband, occasioned by his negligence, combined with that of a third person.

In other words, why should the doctrine of imputed negligence be applied as against the action of the widow, and not applied as against the wife for her own personal injuries?

In the one case, the right of action is vested by statute in the wife, and in the other in the widow.

The husband has no interest in the action for personal injuries to his wife nor has his estate any interest in the action of his widow

arising from his death. The action in either instance is purely statutory, is personal to the wife in the one case and to the widow in the other, and in both instances the cause of action is created by or arises from the negligence and wrongful act of the husband.

We shall not attempt a differentiation of the two lines of jurisprudence, nor venture a suggestion of any cause or reason for the difference.

It suffices to say, for the purposes of the present case, that the doctrine is too well settled to depart therefrom, and there is no greater reason for overruling one line of decisions than the other.

It follows, from what has been said, that the judgment will have to be amended, so as to reject the amount allowed plaintiff for the death of her husband.

The judgment of the Court of Appeal is therefore amended, by reducing the amount thereof from $6,100 to $1,100, and, as thus amended the judgment is affirmed; the cost of appeal to be paid by plaintiff.

O'NIELL, C. J. (concurring). It appears to me that there is a logical reason for our holding that, although the right of action of the wife to claim damages for the physical injuries suffered by her is not defeated by the fact that her husband was guilty of contributory negligence, nevertheless she has no right of action for damages suffered by her in consequence of his death in a case where, because of his contributory negligence, he would have had no right of action for damages for the physical injuries suffered by him if they had not resulted in his death. It was by the Act 223 of 1855 that article 2315 (then 2294) of the Code was enlarged, so as to provide for the survival of the right of action in case of the death of the injured person. As to that item or element of damages, of course, no

right of action can survive in case of the death of the person injured if, because of his contributory negligence, he would not have had a right of action if he had not died. As to that item or element of damages, the survival of the right of action does not depend upon whether the death of the person injured was the result of the injuries which he suffered. But the additional right of action, which was granted to certain surviving relations by the paragraph which was added to article 2315 by the Act 71 of 1884 (afterwards enlarged by the Act 120 of 1908 and Act 159 of 1918), to recover the damages suffered by them by reason of the death of the injured person, does depend upon whether the death was the result of the injury done to him by the person whose fault or negligence caused the injury. The reason why the wife's right of action to claim damages for the physical injuries inflicted upon her by the fault or negligence of another is not defeated by the husband's contributory negligence is that her right of action to that extent accrues to her immediately, and not in consequence of the physical injury and death of her husband. To that extent the wife's right of action does not depend upon the husband's being injured at all. But the right of action which the law grants to the wife to claim damages suffered by her in consequence of the death of her husband caused by the fault or negligence of a third person, ought to depend upon whether the husband would have had a right of action to claim damages for the physical injuries suffered by him if they had not been fatal. In other words, the wife or any other of the beneficiaries mentioned in the amendment of the statute should not have a right of action for damages for physical injuries causing the death of the person injured unless he would have had a right of action if the injuries had not caused his death.