Plaintiff is appealing from a judgment of the district court rejecting his demand for the sum of $583. Of this amount $505 is for repairs to his automobile and $78 for loss of use of it while having it repaired.
The automobile is the same one his daughter, Mrs. Ethel Howze, was driving at the time there was a collision with the Ford automobile being driven by defendant. The facts in reference to this accident are stated in Howze v. Hollandsworth, La. App., 26 So.2d 381.
Reading of the opinion in that case discloses that both defendant and plaintiff are held to be negligent, and the demands of the plaintiff in that case were rejected, affirming the judgment of the lower court.
[1, 2] It does not follow, however, that because Mrs. Howze was negligent, her father cannot recover for the damage to his automobile. There is no question of defendant's negligence. It was not negligence for Mr. Brady to loan his automobile to his daughter, who was twenty-six years old, and apparently competent to drive it. Conceding that the combined negligence of Mrs. Howze and defendant caused the damage to plaintiff's automobile, it was optional with him to sue only the defendant. Woodruff et ux. v. Stewart, La. App., 6 So.2d 796.
[3, 4] There is no proof of any definite sum that it cost plaintiff to be deprived of the use of his automobile while it was *Page 114 
broken down, and the proof of the cost of repairing it is rather meager, but such proof as he offered is not rebutted. He says he bought parts for it and did most if not all the work himself. Harlan Landers, a mechanic who owned a half interest in Dortman's Garage, estimated that it would require parts and labor to the amount of $505 to repair it, and as this evidence is not rebutted, plaintiff has made at least a prima facie case.
For these reasons the judgment of the district court is reversed and it is ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Benjamin W. Brady, and against the defendant, Hubert Hollandsworth, in the full sum of $505 with legal 5% interest from October 9, 1944, until paid, and for the costs of the suit in both courts.