**CURD**

v.

**TODD-JOHNSON DRY DOCKS,**
Inc. et al.

No. 14930.

United States Court of Appeals
Fifth Circuit.

June 15, 1954.

George Smill, New Orleans, La., for appellant.

Joseph V. Ferguson, II, E. A. Carrere, Jr., and John May, May & Carrere, New Orleans, La., for appellees.

Before HUTCHESON, Chief Judge, HOLMES, Circuit Judge, and WRIGHT, District Judge.

HOLMES, Circuit Judge.

This action was brought by appellant to recover damages for personal injuries alleged to have been sustained by him as a direct result of the negligence of appellee Todd-Johnson Dry Docks, Inc. The case was tried before a jury, and from the judgment entered upon a verdict for the appellees, the appellant brings this appeal.

The appellant was employed by the United States Maritime Commission, through its general agent Orion Steamship Company, as a night mate aboard the vessel "S. S. Ethan A. Hitchcock." Todd-Johnson was under contract with the Orion Steamship Company to prepare the vessel for lay-up in the reserve merchant fleet, and, during the performance of said contract, constructed a ladder alongside the vessel to be used for ingress and egress between the vessel and the wharf. The appellant was not an employee of Todd-Johnson, and had no control over the repair work being done by the latter. At the time of the alleged accident, the vessel was tied up alongside the Todd-Johnson stationary wharf on the west bank of the Mississippi River at Algiers, Louisiana; it had no crew, and its machinery was not in use.

The complaint alleged that, while going down the ladder from the "Hitchcock" to the wharf, appellant slipped and fell approximately forty feet to the wharf; that his fall was due to the faulty construction of the ladder and the wet aluminum paint on the rungs thereof.

Appellee Todd-Johnson, in its answer to the complaint, averred that it was not guilty of any negligence, and that the sole and proximate cause of the accident was the gross negligence of appellant in attempting to use the ladder while he was heavily laden with gear; and that, in the event the court should find any negligence on the part of said Todd-Johnson, the appellant was guilty of contributory negligence that would bar recovery.

Appellant does not attack the verdict of the jury, but assigns eight specifications of error, seven of which are directed to the proposition that the trial judge commented on the testimony, cross-examined witnesses to the detriment of appellant, maintained a hostile attitude toward appellant's counsel, forced said counsel to shorten his cross-examination, called the attention of appellant's attorneys to their failure to object to the testimony, and failed to declare a mistrial, on motion of the appellant, on the grounds of bias and prejudice. The other specification assigned error on the part of the court in charging the jury that the law of Louisiana governed the right of recovery, and that contributory negligence was an absolute bar thereto.

■ The trial judge is entrusted with broad discretionary powers to secure a fair and unbiased administration of justice. In a trial by jury the judge is not a mere moderator; he is an administrator charged with the proper conduct of the trial. His participation in the trial of a case is a matter resting largely within his own discretion. He may interrogate the witnesses to clarify their testimony, analyze and comment upon the evidence, control and correct inflammatory remarks of counsel, and make suggestions to counsel as to the course to be pursued in the case: all provided his attitude is not one of partisanship. In the present case the trial judge asked a number of questions, but we are unable to say that they were of such a nature as to prejudice the appellant. It was especially necessary for the court to have a complete understanding of the facts, since, by agreement of the parties, the trial judge was simultaneously trying the action brought by appellant in admiralty, under the Jones Act, 46 U.S.C.A. § 688, against the United States as owner of the ship. We find no error requiring reversal of this case due to any bias or prejudice on the part of the trial judge. Glasser v. U. S., 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680; Texas Pacific-Missouri Pacific Terminal R. of New Orleans v. Welch, 5 Cir., 179 F. 2d 880.

■ Appellant contends that the court committed error in instructing the jury that contributory negligence would be a complete bar to recovery. There was no error in that charge, because this was a suit under Article 2315 of the LSA–Civil Code, and the law of Louisiana to that effect was controlling. Vitale v. Checker Cab Co., 166 La. 527, 117 So. 579, 59 A.L.R. 148; Antoine v. Consolidated Vultee Aircraft Corp., La.App., 33 So.2d 435. This was not an action in which the federal maritime law governed, as in Pope & Talbot v. Hawn, 346 U.S. 406, 74 S.Ct. 202; it was an action under state law against one who was neither the owner of the ship nor the employer of the appellant. Moreover, the appellant made no objection to the charge now complained of; and, under the rules, a party may not assign as error the giving or the failure to give any instruction "unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." Rule 51 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

■ While we recognize the power of an appellate court, in a proper case, to consider on its own motion errors to which no objections were made, such power should be exercised only in exceptional cases and in the interest of justice. Hormel v. Helvering, 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037; Dowell, Inc. v. Jowers, 5 Cir., 166 F.2d 214, 2 A.L.R.2d 442. The purpose of the rule is to pre-

vent a party, after verdict, from taking advantage of the giving of an erroneous instruction to which he failed to call attention in time to enable the court to correct it. Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645. By acquiescing in the court's instructions to the jury, the appellant may not now contend that the instructions were erroneous or that the applicable law was not what the court announced it to be. On the face of the record, there is no plain error that calls for a reversal of the case. Standard Oil Co. v. Burleson, 5 Cir., 117 F.2d 412; Boston Ins. Co. v. Fisher, 8 Cir., 185 F.2d 977; New York Life Ins. Co. v. Schlatter, 5 Cir., 203 F.2d 184.

The court's charge to the jury correctly stated the law applicable to the case. We find no reversible error in the record, and the judgment appealed from is affirmed.

Affirmed.