Gertrude CORBIN, Administratrix of the Estate of Chester A. Corbin, Jr., Deceased, Plaintiff-Appellant,

v.

The BALTIMORE AND OHIO RAILROAD COMPANY, Defendant-Appellee.

No. 12608.

United States Court of Appeals Sixth Circuit.

June 5, 1956.

Rees H. Davis, Jr., Cleveland, Ohio (Davis & Young, Cleveland, Ohio, Henry B. Critchfield, Wooster, Ohio, on the brief), for appellant.

Jay C. Brownlee and C. Kenneth Clark, Youngstown, Ohio (T. Lamar Jackson, Harrington, Huxley & Smith, Youngstown, Ohio, on the brief), for appellee.

Before SIMONS, Chief Judge, and McALLISTER and STEWART, Circuit Judges.

PER CURIAM.

The question presented in this case is whether the judgment of the district court should be reversed on grounds that were not presented or argued upon the hearing.

The appellant Administratrix originally brought this action for the wrongful death of her deceased husband in the Common Pleas Court of Wayne County, Ohio. This suit was thereafter removed to the district court on petition of the appellee railroad. Subsequently, the railroad sued the present appellant as Administratrix of her husband's estate, in the Court of Common Pleas of Wayne County, Ohio, for damages arising out of the same collision between the railroad's diesel engine and a truck driven by the decedent husband. At the close of the proofs in that case, the trial court instructed the jury that decedent was guilty of negligence as a matter of law; that the only question for the jury to determine was whether the railroad company was also negligent; that if it had not been negligent, the jury should return a verdict in its favor; but that if it had been contributorily negligent, the jury should return a verdict for the defendant (the present appellant). The jury found for the defendant and, in answer to written interrogatories, stated that the railroad had been negligent in not ringing the locomotive bell or blowing the whistle. Judgment was entered accordingly.

Thereafter, the Administratrix in the instant case filed a motion in the district court for summary judgment on the ground that in the prior case, the jury had found the railroad negligent; that the doctrine of res adjudicata, or estoppel by judgment, applied; and that, since the issue of the railroad's negligence had been determined in the prior suit, there remained no genuine issue of fact in the case. However, the railroad company also filed a similar motion for a summary judgment in its favor on the ground that it had been established and determined in the prior case, by the findings and instructions of the trial court, or virtually by a directed verdict, that plaintiff's decedent had also been guilty of negligence causing the accident.

At this point, it might be inquired why, if plaintiff's decedent had been adjudicated guilty of negligence in

the first case, she had moved for summary judgment in the second case, involving the same collision, on the ground of the railroad's negligence. In other words, how did she, representing decedent, expect to secure a judgment against the railroad, when it had already been determined in the prior case that her decedent was equally guilty of negligence causing the accident? The answer to this question is that, in the district court, on her motion for summary judgment, she contended that the trial court's instructions to the jury in the prior state case to the effect that decedent was guilty of negligence were not to be considered in the same light as a jury's finding of negligence on the part of the railroad; or, in other words, that a judgment on a verdict directed by the trial court was not res adjudicata, whereas a judgment on a verdict reached by the jury on its own determination was res adjudicata. Thus, she claimed that the railroad was bound by the judgment entered on the verdict of the jury, while she was not bound by the judgment entered upon the instructions of the trial court to the jury that her decedent was guilty of negligence resulting in the accident. On this issue, the district court quite properly declined to draw such a distinction and concluded that both the railroad and plaintiff's decedent had been found guilty of negligence in the prior suit; that their combined or concurring negligence had been adjudged to have been the proximate cause of the collision and consequent damage and injuries; and that neither party was entitled to recover. Accordingly, the district court granted the railroad's motion for a summary judgment and dismissed the action.

After entry of judgment, and on appeal to this court, plaintiff-appellant raises for the first time the question as to the identity of the parties in the two actions—that is, in the suit of the railroad company against appellant as Administratrix and in the suit of appellant as Administratrix against the railroad company. She claims that, under Ohio law, when she brought the action as Ad-

ministratrix of decedent's estate against the railroad to recover damages for decedent's wrongful death, she was a mere nominal party; that in this capacity, she sued as trustee for the statutory beneficiaries of the wrongful death action; and that she did not act for the estate in so suing. On the other hand, she contends that a personal representative who brings an action on behalf of the estate against one who injured decedent during his lifetime acts as a collector and preserver of the assets of the estate. Therefore, she submits that when she was sued by the railroad company for the negligence of her decedent, she represented decedent's estate —in an entirely different capacity than when she sued the railroad company as trustee for the statutory beneficiaries of the wrongful death action.

We need not enter upon a disquisition with respect to the law of Ohio in this regard, but for the purposes of this controversy, may assume that according to the law of that state, the capacity in which an administrator acts when bringing a death action differs distinctly from his capacity when defending an action brought against his decedent's estate; and that an adverse judgment in the first type of action is no bar to a suit in the second.

In the opinion of the district court, it is stated that res adjudicata, or estoppel by judgment, applies when the subsequent suit is between the same parties, or those in privity with them, and the subject matter litigated is the same or involves an issue or issues determined by a prior judgment. "In this case," the district court said, "the parties are the same as in the court below, and the basic issue is the same, to-wit: the negligence of the parties in causing the collision."

With this decision of the district court, appellant takes issue. Since appellant, as Administratrix, in the first case was acting in a different capacity than in the second case, she contends that the district court erred in holding that she was the same party in both cases. This contention would have merit, if the

case in the district court had been tried upon that theory and such contentions addressed to that court. But appellant, as Administratrix, insisted before the district court that she was the same party in both cases, and furthermore, the legal proceedings she entered upon in the district court were based upon this claim. She contended she was entitled to a summary judgment because she had prevailed as a representative of the estate of her decedent in the first case brought by the railroad, and that, in the second suit, then before the district court, the doctrine of res adjudicata applied. She contended before the district court, not only that the parties were the same, but that the issues of negligence and the subject matter were the same in both cases. The somewhat unusual rule in Ohio that an administrator occupies a different capacity in a suit brought against his decedent for damages for negligence, as compared to his capacity in a suit brought by him in a wrongful death action, and that an adverse judgment in one kind of suit is not res adjudicata in the other, was not mentioned or intimated on the hearing before the district court.

 Having continuously urged that the parties, issues, and subject matter were the same in the two cases, the Administratrix cannot now successfully contend that the district court erred in finding that the parties, issues, and subject matter in both cases were the same, and that the judgment in the first case was res adjudicata. The theory upon which the case was submitted and argued in the district court cannot, when an adverse judgment results, be discarded and a new, contradictory theory be substituted and successfully invoked on appeal. For a party cannot be permitted to take advantage of errors which he has, even in good faith, invited or induced the district court to make. In passing, it may be said that it is most unlikely that, in this case, any disadvantage resulted to appellant in not having tried the case on the theory that she acted in a different capacity in each of the two cases, since

upon the first trial, the evidence of her decedent's negligence was so clear to the trial court that it had no hesitation in instructing the jury that he was guilty of such negligence as precluded recovery as a matter of law; and no appeal was taken from the judgment entered thereon.

The judgment of the district court is affirmed.