Peter HOLM, Appellant,

v.

AMERICAN SHIP BUILDING COM-
PANY, Appellee.

No. 13856.

United States Court of Appeals
Sixth Circuit.

March 23, 1960.

**202**

Harvey Goldstein, New York City, Lawrence Landskroner, Cleveland, Ohio (S. Eldridge Sampliner, Cleveland, Ohio, Goldstein & Sterenfeld, New York City, on the brief), for appellant.

Robert B. Preston, Cleveland, Ohio (Robert G. McCreary, Jr., Arter, Hadden, Wykoff & Van Duzer, Cleveland, Ohio, on the brief), for appellee.

Before SIMONS, Senior Judge, POPE, Circuit Judge, and KENT, District Judge.

SIMONS, Senior Circuit Judge.

The appellant was employed by the Great Lakes Steamship Company as a shipkeeper of the S. S. Ayers, which was laid up at a dock in the appellee's shipyard in Lorain, Ohio, undergoing repair. The appellant lived on the vessel. In the afternoon of March 8, 1955, he slipped from a wet gangplank, while returning to the ship with groceries, and was severely injured. He brought this action against the shipbuilding company alleging negligence of the appellee under the laws of "the State of Ohio, Ordinances of the City of Lorain, Ohio, and rules of the common law." The negligence charged was failure to supply a proper guard rail or to give notice of the dangerous condition of the gangway. At the conclusion of the plaintiff's case, the court directed a verdict for the defendant, stating that the case involved Ohio law and that the defendant had fulfilled its duty not to entrap the plaintiff by failure to notify him of the slippery condition of the gangway. He challenges the judgment on the ground that the Court should have applied admiralty law and that it was error to direct a verdict.

The primary question before us is whether the appellant having brought his suit under the law of Ohio by filing a complaint instead of a libel, and having tried the case as a conventional tort action without urging any applicable principle of maritime law, may now completely change his theory upon review and so seek in this court a reversal on the ground that admiralty law controlled adjudication. We may assume, arguendo, without so holding, that admiralty jurisdiction extended to the appellant's injury because received on a vessel in navigable waters. The plaintiff asserts jurisdiction under the doctrine of The Admiral Peoples, 295 U.S. 649, 55 S.Ct. 885, 79

L.Ed. 1633, and Brady v. Roosevelt S. S. Company, 317 U.S. 575, 63 S.Ct. 425, 87 L.Ed. 471. We are, however, constrained to hold, upon cumulative authority, that this theory of the case cannot be raised for the first time upon appeal. Walker v. Felmont Oil Corp., 6 Cir., 262 F.2d 163; Reliford v. Eastern Coal Corp., 6 Cir., 260 F.2d 447; Corbin v. Baltimore & O. R. Co., 6 Cir., 234 F.2d 78; Curd v. Todd-Johnson Dry Dock, 5 Cir., 213 F.2d 864; Chicago & Eastern Ill. R. Co. v. Southern Ry. Co., 7 Cir., 261 F.2d 394; Union Pacific Railroad Co. v. Johnson, 9 Cir., 249 F.2d 674. In the Corbin case, supra, 234 F.2d at page 81, the Court said: "The theory upon which the case was submitted and argued in the district court cannot, when an adverse judgment results, be discarded and a new, contradictory theory be substituted and successfully invoked on appeal." This is, likewise, the rule in the Supreme Court. Virginia Ry. Co. v. Mullens, 271 U.S. 220, 46 S.Ct. 526, 70 L.Ed. 915; Van Huffel v. Harkelrode, 284 U.S. 225, 52 S.Ct. 115, 76 L.Ed. 256. The latest word upon the rule derives from Nelson v. County of Los Angeles, 80 S.Ct. 527, 532, wherein it was said: "We do not pass upon petitioner's contention as to the Privileges and Immunities Clause of the Fourteenth Amendment, since it was neither raised in nor considered by the California courts."

So, viewing the plaintiff's failure to present a case under the admiralty law, what we have left is an ordinary tort action based upon alleged negligence of the defendant. Whether the plaintiff was a licensee or invitee, need give us little concern. In either status, is was necessary for the plaintiff to prove negligence and its proximate relation to the injury which followed. He knew the gangplank was not in good condition, in that the cleats were worn and would become slippery when the weather was damp. He so testified and also testified that from time to time he actually did slip upon the gangway. Since, under Ohio law, recovery in this type of action is based upon lack of knowledge on the part of the plaintiff as to the dangerous condition, the evidence would not sustain a verdict for the plaintiff. Nor was the defendant obliged to notify him of a hazard of which he was fully aware. "It is only when there are perils or dangers known to the owner and not known to the person injured, that liability may be established and recovery permitted." Engelhardt v. Philipps, 136 Ohio St. 73, 78, 23 N.E.2d 829, 831; Davis v. Shutrump Co., 140 Ohio St. 89. This court has defined Ohio law in conformity with these precedents. See Creasy v. Ohio Power Co., 6 Cir., 248 F.2d 745; Ford Motor Company v. Tomlinson, 6 Cir., 229 F.2d 873. Since there was no obligation to caution the plaintiff about something which he knew, there was no error in directing a verdict for the defendant. Wherefore, the judgment is

Affirmed.