COVINGTON, Judge:
Late at night on December 1, 1972, Lloyd Joseph Guidry and his wife, Carol Ann Naquin, had an unwitnessed, unexplained, one-vehicle accident on Louisiana Highway 1, just below Golden Meadow, Louisiana, wherein the vehicle left the roadway, hit a utility pole cutting it in two, and came to rest in a bayou. The road was dry, the weather clear, and there was continuous street lighting in the area. Mrs. Guidry died in the accident; Mr. Guidry died some ten days later without regaining consciousness. He had just celebrated his nineteenth birthday and she was still eighteen. Their only child, a daughter, Roxanne Marie Guidry, born on August 11, 1972, had been fortuitously left in the care of her paternal grandmother, Laura L. Dupre Guidry Calíais, on that *343 night. The automobile in which the Guid-rys were killed belonged to Paul Calíais, Jr., Lloyd Guidry’s stepfather, who had given his stepson express permission to use the vehicle at the time the accident oc-currd. Calíais was the named insured under a policy of automobile liability insurance which was then in force with defendant, Allstate Insurance Company. The pre-trial order, signed by all counsel, states as an established fact that, at all material times, Guidry was the driver and his wife was the passenger.
As provisional tutrix, the said grandmother of Roxanne brought this suit for damages in a direct action against Allstate Insurance Company, claiming the death of the child’s parents was caused by the negligence of Lloyd Guidry, and that as a consequence, the child was entitled to recover from the insurer damages which she sustained as a result of his negligence. The damages claimed are loss of the love, care, companionship, affection, nurture, and guidance of both parents, and the grief, sorrow, mental anguish, and distress due to the loss of both parents, and finally the loss of support of both of them.
The trial court invoked the doctrine of Res Ipsa Loquitur, found the mishap to have been caused by Guidry’s negligence, denied the minor’s claim in all respects as pertaining to her father, and awarded $30,000.00 for the deprivation of the companionship, affection, and nurture of her mother. From this award, the plaintiff perfected this appeal, not asking that the award for the mother’s death be increased, but seeking reversal insofar as the trial court denied the child’s recovery for the death of her father, even though said death resulted solely from his negligence.
We affirm.
LSA-C.C. Art. 2315 states:
“Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
The right to recover damages to property caused by an offense or quasi offense is a property right which, on the death of the obligee, is inherited by his legal, instituted, or irregular heirs, subject to the community rights of the surviving spouse. The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and (3) the surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.
The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased. A right to recover damages under the provisions of this paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not.
As used in this article, the words ‘child’, ‘brother’, ‘sister’, ‘father’, and ‘mother’ includes a child, brother, sister, father, and mother, by adoption, respectively.”
Plaintiff during the trial of this case and now on appeal, does not contend that Roxanne Marie Guidry has a right to pursue the ' father’s survived action, in which the father’s own negligence clearly bars his own recovery, but she is seeking relief for her own damages and contends that the negligence of her father cannot bar recovery for the damages he has caused her, unless his negligence can be imputed to her. The trial court held:
“ . . . the right of action which the law grants to the child to claim damages suffered by her in consequence of the death of her father caused by the fault or negligence of a third person ought to *344 depend on whether the father would have had a right of action to claim damages for the physical injuries suffered by him if they had not been fatal. In other words, the child or any other of the beneficiaries mentioned in the amendment of the statute should not have a right of action for damages for physical injury causing the death of the person injured, unless he would have had a right of action if the injuries had not caused his death.”
The trial judge, in arriving at that conclusion, drew an analogy between this claim and the claim of a surviving spouse in the case of Vitale v. Checker Cab Company, 166 La. 527, 117 So. 579, and particularly the concurring opinion of the late Chief Justice O’Niell on page 582 thereof.
Neither counsel for the parties, nor the trial Judge, found any case in point, where suit is brought on behalf of a minor child against the parents’ insurer, under the Direct Action Statute, for loss suffered by a minor due to the negligence of the parent where no third party was involved in any way. However, we believe that the minor’s right to recover under these facts was answered in the case of Foy v. Ed Taussig, Inc., 220 So.2d 229, 235 (La.App. 3rd Cir., 1969), applications denied 254 La. 135 and 139, 222 So.2d 884 and 885, certiorari denied, 396 U.S. 957, 90 S.Ct. 428, 24 L.Ed.2d 421, wherein the Court held:
“Since the negligence of the decedent was a proximate and contributing cause of the accident, then regardless of the conclusions which may be reached as to the negligence of any of the defendants, plaintiff and her children are barred by the decedent’s . contributory negligence from recovering damages for his death. Malveaux v. Buller, 135 So.2d 368 (La.App. 3d Cir., 1961); Vitale v. Checker Cab Co., 166 La. 527, 117 So. 579, 59 A.L.R. 148 (1928); Smith v. Illinois Cent. R. Co., 10 La.App. 342, 120 So. 405 (1929); Smith v. Monroe Grocer Co., 179 So. 495 (La.App. 2d Cir. 1938); McGuire v. Louisiana Baptist Encampment, 199 So. 192 (La.App. 1st Cir., 1941).”
The plaintiff-appellant alludes to various amendments to Article 2315 and the import thereof. However, as stated in the Reasons for Judgment in the instant case:
“The reason why the child’s right of action to claim damages for the physical injuries inflicted upon her by the fault or negligence of another would not be defeated by her father’s contributory negligence, is that her right of action to that extent accrues to her immediately and not in consequence of the physical injury and death of her father. To that extent the child’s right of action does not depend upon her father being injured at all. But the right of action which the law grants to the child to claim damages suffered by her in consequence of the death of her father caused by the fault or negligence of a third person ought to depend on whether the father would have had a right of action to claim damages for the physical injuries suffered by him if they had not been fatal. In other words, the child or any other of the beneficiaries mentioned in the amendment of the statute should not have a right of action for damages for physical injury causing the death of the person injured, unless he would have had a right of action if the injuries had not caused his death.”
 The child’s claim relating to the loss of her father is wholly derivative, dependent upon the results of his own negligent, self-destructing act. Therefore, it must be denied. The claim for loss of support from her mother must likewise be denied — it was patently speculative, there being no proven work history or the mother’s preparation for work during her lifetime.
This court, in Williams v. J. B. Levert Land Company, 162 So.2d 53, writ refused 245 La. 1081, 162 So.2d 574, barred a surviving spouse and seven minor children *345 from recovery for the death of the wife and mother where the court found her to be contributorily negligent in connection with the mishap which caused her demise.
The defendant-appellee answered plaintiff’s appeal, alleging that the $30,000.00 awarded to the minor was excessive and should be reduced to $20,000.-00. In the assessment of damages in cases involving offenses, much discretion is left to the Judge, LSA-C.C. Art. 1934(3). It is recognized that uniformity in damage awards is not the criterion for appellate review; Gaspard v. Lemaire, 245 La. 239, 158 So.2d 149 (1963). Changing economic conditions as well as the individual facts and circumstances of each case require an individualized approach to each case. Under this rule the amount of damages assessed by the trial judge should not be disturbed unless the appellate court’s examination of the facts reveal a clear abuse of that discretion. We find no such abuse in this case.
For the reasons herein assigned, the judgment appealed from is affirmed; plaintiff to pay costs in this court.
Affirmed.