376 So.2d 1027 (1979)
John C. OLINDE, Sr., etc.
v.
AMERICAN EMPLOYERS INSURANCE COMPANY et al.
No. 12769.
Court of Appeal of Louisiana, First Circuit.
October 8, 1979.
Rehearing Denied November 29, 1979.
Ralph W. Brewer, Baton Rouge, of counsel for plaintiff-appellant John C. Olinde, Sr., Etc.
Ben W. Lightfoot, Baton Rouge, of counsel for defendant-appellee American Employers Insurance Company, et al.
Before COVINGTON, LOTTINGER and COLE, JJ.
*1028 LOTTINGER, Judge.
This is a wrongful death action by plaintiff, John C. Olinde, Sr.,[1] against American Employers Insurance Company and its insured, Larry G. Bellum, seeking damages for the death of plaintiff's son, Gary Olinde. From a judgment in favor of defendants, plaintiff has appealed.
Briefly, as found by the trial judge in his written reasons for judgment, Gary Olinde, with his sister, Mary, and a friend, Mark Simmons, as passengers in his car, engaged in drag racing on the night of February 11, 1974, on both Florida Boulevard and Sherwood Forest Boulevard in Baton Rouge. The drag racing contest on Florida Boulevard was between Gary and Ricky Massachia. The second race was on North Sherwood Forest Boulevard and was between Gary and the defendant, Larry Bellum. North Sherwood Forest Boulevard is a two lane street with residences, apartment complexes, and small commercial establishments on each side. The race reached speeds well in excess of 70 miles per hour. Gary, in the lead car, was in the right hand lane. Larry was attempting to pass him when he saw a set of headlights coming toward him. He slowed down and pulled behind Gary. There is a factual question of whether the two cars collided as a result of this maneuver. In any event, Gary lost control of his car, struck a tree and died as a result of the accident.
The trial judge concluded that Gary was more at fault because his position in the right lane dictated whether the race would continue. Plaintiff argued that Callais v. Allstate Insurance Co., 334 So.2d 692 (La. 1975) holds that no longer can negligence be imputed from a decedent to his survivors in their separate cause of action for the decedent's wrongful death. The trial judge concluded that too much of the fault for the accident must be placed on the decedent's negligence, thus precluding any further consideration of La.C.C. art. 2315 and the Callais argument relative to negligence imputation.
Since the Callais decision, and in particular the use of the duty-risk analysis to escape the original Callais decision, much question has arisen as to whether Vitale v. Checker Cab Co., Inc., 166 La. 527, 117 So. 579 (1928) and the imputation-of-contributory-negligence theory expressed therein still have any validity. See Watson, Contributory Negligence of the Decedent in a Wrongful Death Action, 27 La.B.J. 26 (1979).
The Callais language on rehearing says that Vitale is inapposite vis-a-vis the Callais facts. We do not read this language to be a continuation or ratification of the repudiation of the Vitale decision expressed in the original opinion. Instead the Supreme Court utilized the duty-risk analysis to retreat from the reasoning and result reached in its original opinion.
Professor H. Alston Johnson, III, in an excellent article entitled Death on the Callais Coach: The Mystery of Louisiana Wrongful Death and Survival Actions, 37 La.L.Rev. 1 (1976), states:
"The rule that the negligence of the victim bars the recovery of the beneficiaries in a wrongful death action may be no more than an expression of policy on the part of our courts that the duty of the defendant does not reach so far. The risk that the beneficiaries will be harmed by the conduct of the defendant which produces the death of the victim without any carelessness on the victim's part is included within the duty of the defendant. But the risk that the beneficiaries will be harmed by the conduct of the defendant which combines with the conduct of the victim to produce the victim's death is simply beyond the standard which we choose to apply to the defendant. If this is in fact the feeling of the courts, it is of course much simpler (and shorter) to say `the negligence of the victim bars the wrongful death action of the beneficiaries.' This statement, however, makes the listener wonder whether there has been *1029 some devilish imputation of negligence from the victim to the beneficiaries, and well it might." (37 La.L.Rev. at 43-44).
Simply stated, the courts have adopted the policy that the beneficiaries of a decedent who aided or contributed to his own demise cannot recover for the wrongful death of the decedent. This is true whether we use the rubric of imputed contributory negligence, duty-risk, or even assumption of the risk.
Vitale should be repudiated not because of the result, which is correct, but because of the use of the imputed contributory negligence theory. The courts of this state began to come of age with Dixie Drive It Yourself System New Orleans Co., Inc. v. American Beverage Company, 242 La. 471, 137 So.2d 298 (1962), when we began speaking in terms of duty-risk. If the duty-risk analysis had been applied to the Vitale facts the same result would have been reached, because "the risk that the beneficiaries will be harmed by the conduct of the defendant which combines with the conduct of the victim to produce the victim's death is simply beyond the standard which we choose to apply to the defendant." Thus, we conclude the result reached by the trial judge in this case is correct.
Additionally, we are of the opinion that the deceased in the instant case assumed the risk of injury and possible death by participating in a drag race. As Professor Johnson states at 37 La.L.Rev. 47:
"Perhaps even more than in a case of contributory negligence, the defense of assumption of the risk may be viewed as a matter of the defendant's duty. If the plaintiff has assumed a certain risk by his conduct, this ordinarily means that he has removed that particular risk from the group against which the law requires the defendant to protect the plaintiff. In the context of wrongful death and survival, this means that the defendant will not be forced to compensate the beneficiaries, either in a survival action or in a wrongful death action, for a risk which the victim has voluntarily and knowingly removed from those otherwise within the defendant's duty."
Thus, plaintiff-beneficiary cannot recover for the victim's death to which the victim contributed or assumed the risk.
Therefore, for the above and foregoing reasons the judgment of the trial court is affirmed at plaintiff-appellant's costs.
AFFIRMED.
NOTES
[1] Plaintiff filed this suit individually and as the administrator of the estate of his minor daughter Mary Olinde for injuries she received. Her case was settled prior to trial.