**12**

Charles F. YOUNG, and Pigg Insurance Agency, Inc., Appellants,

v.

Conway WHITE, Individually, and d/b/a Conway's Tire Service, and Westchester Fire Insurance Company, Appellees.

Conway WHITE, Individually, and d/b/a Conway's Tire Service, Appellant,

v.

WESTCHESTER FIRE INSURANCE COMPANY, Appellee.

Court of Appeals of Kentucky.

March 11, 1977.

Discretionary Review Denied June 8, 1977.

Boyd F. Taylor, Hamm, Taylor, Milby & Farmer, London, for appellants, Charles F. Young and Pigg Insurance Agency, Inc.

C. R. Luker, Jr., London, for appellee, Conway White d/b/a Conway's Tire Service.

W. R. Patterson, Jr., Landrum, Patterson & Dickey, Lexington, for appellee, Westchester Fire Insurance Co.

Before WINTERSHEIMER, MARTIN and WILHOIT, JJ.

WINTERSHEIMER, Judge.

The original action was initiated by the Plaintiff/Appellant against the Defendants/Appellees, Charles F. Young, Pigg Insurance Agency, Inc., and Westchester Fire Insurance Company, on November 24, 1971, seeking to recover the sum of $20,000.00 arising out of a fire loss sustained by the Plaintiff. All parties moved for summary judgments and the trial court sustained a motion of the Defendant Westchester, dismissed the Plaintiff's complaint against Westchester and also sustained a motion of the Plaintiff for a summary judgment against the Defendants, Young and Pigg. The summary judgments were made final on January 28, 1974. It is from the judgment dismissing the complaint against Westchester that White appeals and it is from the judgment against Young and Pigg that they appeal. Notices of appeal were filed February 18, 1974. The two appeals were consolidated for joint review. The Supreme Court transferred this to the Court of Appeals on October 8, 1976. This Court affirms the summary judgment in favor of Westchester Fire Insurance Company and reverses the summary judgment against Young and Pigg.

Conway White, the Plaintiff/Appellant, suffered a fire loss at his tire recapping building on February 2, 1971. Charles Young is the president of Pigg Insurance Agency, Inc., and an active agent for that corporation. Pigg Insurance Agency had a contractual relationship with Westchester Fire Insurance Company which authorized Young to bind Westchester for certain types of insurance coverage as set out in their Agency-Company Agreement. Young also had similar agreements with nine other companies. Young had known White for about sixteen years and had sold him insurance on several occasions. White had experienced four separate fire losses in twenty-two years in the tire recapping business. One of White's previous fire losses had been covered by a policy written by Young. On July 20, 1970, Young wrote two $10,000.00 policies on the building, one with Westchester and one with The Federal Insurance Company. On September 22, 1970, Young endorsed each policy for an additional $10,000.00 contents coverage. On October 26, 1970, Young received a letter from Westchester indicating that it did not desire contents coverage, but was willing to retain the original $10,000.00 coverage on the building if Young would eliminate the contents coverage from the policy. The required endorsement reducing the coverage was never obtained by Young from White. On December 2, 1970, Westchester cancelled the entire policy, both building and contents, in the amount of $20,000.00. Notice was sent and received by the mortgagee of White's building and Young also received notice. White testified that he never received the mailed notice, but that the mortgagee notified him of the cancellation. White telephoned Young who assured him that he would take care of it. Later in a conversation on the street, Young advised White that he had renewed the policy. There is a conflict between the depositions of White and Young as to this conversation.

After the conversation, Young did nothing about reissuing the policy. Westchester refunded White's premium later in December. The fire loss occurred about two months thereafter on February 2, 1971.

The questions presented are as follows:

1. Whether the trial court committed reversible error in awarding a summary judgment to Westchester?

2. Whether the trial court erred in awarding a summary judgment against Young and Pigg?

In considering the liability of Westchester, it is necessary to determine whether the verbal exchange between White and agent Young created an oral

contract sufficient to bind Westchester on the coverage of White's building. Kentucky has long held that an oral contract of insurance must include agreement on such matter, the risk insured, the premium rate, duration of the risk, amount of insurance and the identity of the parties. *Campbell v. Aetna Insurance Co.*, Ky., 269 S.W.2d 292 (1954). The parties must understand that they are entering a binding contract. *Svea Fire & Life Insurance Co. v. Foxwell*, 234 Ky. 95, 27 S.W.2d 675 (1930) and *Rabb v. Public National Insurance Co.*, 243 F.2d 940 (6 Cir. 1957). The conversation does not contain the necessary elements to pass this test. White already knew that Young represented at least two insurance companies and there was no indication as to who was to issue the policy. No mention of the amount of insurance was made. There is conflict as to the amount of insurance involved. No mention is made of the duration of the policy or the amount of the premium. Considering White's version of the contract and the conversation, the parties did not enter into an oral contract of insurance sufficiently definite enough to hold Westchester. If there was any contract established by the conversation, it is only based on a promise by Young to obtain or to attempt to obtain the insurance for White.

Following the conversation, Young did nothing to obtain even a written binder and he did not inform Westchester of any new insurance liability. As a businessman of twenty-two years experience, White himself remained naive, at best, in the absence of any written policy or even a binder confirming the insurance coverage for more than two months. Considering it at its best, the conversation could produce only an oral contract of temporary insurance lasting only until the company had the opportunity to accept or reject the application. Moreover, the fire loss which occurred took place almost two months after the alleged contract. Therefore, the Appellant's citation to *Travelers Fire Insurance Co. v. Bank of Louisville*, Ky., 243 S.W.2d 966 (1951) does not apply since the time lapse is so substantial and no efforts were made by either White or Young to put the alleged oral contract into effect.

Therefore, there does not appear to be a genuine issue of fact raised and the trial court was correct in issuing a summary judgment in favor of the Westchester Fire Insurance Company.

This Court must then turn to the question of the summary judgment granted in favor of Westchester against the local insurance agent Young and the Pigg Agency. A review of the record in this case indicates that Young represented nine different insurance companies. The parties had dealt with each other and known each other for sixteen years. The street-side conversation between Young and White indicates that Young said "it's taken care of, I renewed it for you" according to White's deposition. It is clear that between Young and White there is a sharp difference of opinion.

The purpose of the rule providing for summary judgments is to promote the expeditious disposition of cases and to avoid unnecessary trials when no genuine issues of fact are raised. CR 56.01, Clay's Kentucky Practice 3d Ed. 2. In the instant case, the Defendants, Young and Pigg, in an answer dated January 4, 1972, demanded a jury trial. The summary judgment rule should be cautiously invoked; it does not authorize adjudication of factual issues, but only authorizes the court to discover and determine whether there is an issue of fact to be tried. *Rowland v. Miller's Adm'r*, Ky., 307 S.W.2d 3 (1957). It is entirely proper for the trial court to enter a summary judgment on part of the questions presented and reserve for trial any remaining factual issues. CR 54.02. It would appear that the trial court should permit a jury to consider the validity of the conflicting statements made by Young and White in regard to the crucial conversation on the street.

Accordingly, the judgment of the trial court as it applies to Westchester Fire Insurance Company is affirmed, and the summary judgment granted in favor of Appellee White against Appellants Young and

Pigg is hereby reversed and the matter remanded to the trial court for a disposition consistent with this opinion.

All concur.