James T. HARVIS, Jr.,
Plaintiff–Appellant,

Maurice Rivers and Robert C.
Davison, Plaintiffs,

v.

ROADWAY EXPRESS, INC.,
Defendant–Appellee,

Local 20, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Defendants.

No. 90–3103.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 12, 1990.

Decided Jan. 10, 1991.

Ellis Boal, Detroit, Mich., Terry J. Lodge (argued), Toledo, Ohio, for plaintiff-appellant.

Thomas J. Gibney, Robert J. Gilmer, Jr., John T. Landwehr (argued), Eastman & Smith, Toledo, Ohio, for defendant-appellee.

Before MERRITT, Chief Judge, MARTIN and NORRIS, Circuit Judges.

MERRITT, Chief Judge.

The Supreme Court decided *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), narrowing the scope of discriminatory contract actions under 42 U.S.C. § 1981, shortly after the jury returned a verdict for defendant on plaintiff's § 1981 claim. The *Patterson* case forms the basis of plaintiff's novel argument on appeal. The plaintiff has appealed from the District Court's judgment for the defendant after a jury verdict on his race discrimination claim under § 1981. He also appeals a judgment for defendant in his Title VII claim, a claim not subject to jury trial, arising out of the same basic facts. The District Court entered the Title VII judgment by applying the doctrine of collateral estoppel based on the jury's verdict on the § 1981 claim. The plaintiff now asserts on appeal that his § 1981 claim should not have been put to the jury (even though he requested a jury trial) and, therefore, contends that the jury's verdict for the defendant may not be used to preclude his Title VII claim. We disagree on grounds that plaintiff "invited the error," if indeed there was any error, when the District Court put the case to the jury.

Harvis has offered an unusual argument with regard to the effect of *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). His argument is based on the effect of the *Patterson* case on the application of the doctrine of claim preclusion or collateral estoppel. He does not argue with the *res judicata* principle (arising from considerations of consistency, judicial economy and finality) that the jury's findings on the § 1981 claim should control the judge's nonjury adjudication of the Title VII claim in the normal case in which a § 1981 claim and a Title VII claim arise out of the same facts. *See Restatement (Second) of Judgments* § 24 (fact that various "legal theories casting liability on an actor may apply to a given episode" does not defeat claim preclusion even though the theories vary as to types of relief) and § 25 (damages claim allowing jury trial "considered part of unitary claim [which includes a claim in equity] for purposes of merger and bar") (1982). Rather, plaintiff argues that the retroactive application of *Patterson* would leave him without a legally cognizable § 1981 claim because *Patterson* narrowed the scope of § 1981 to exclude his claim. Thus he argues that the lack of a valid claim means that the jury verdict should be disregarded for collateral estoppel purposes because the jury had no authority to return a verdict on a legally insufficient claim. Consequently, Harvis argues that his Title VII claim should be remanded to the District Court for new findings of fact because the jury findings and the District Court's judgment entry based upon them was "without meaning." Brief for Appellant at 5.

Defendant has offered a number of legal arguments in response to Harvis' argument, but most of the argument concentrates on the question of the retroactive application of *Patterson*. We do not find the issue of the retroactive application of *Patterson* to be dispositive in this case. Instead, we hold that the District Court must be affirmed under the doctrine of "invited error."

■ The doctrine of "invited error" refers to the principle that a party may not complain on appeal of errors that he himself invited or provoked the court or the opposite party to commit. *See* 5 Am.Jur.2d § 713 (1962). The doctrine has been referred to as "a cardinal rule of appellate review," and federal appellate courts have applied the doctrine to a wide range of conduct. *Crockett v. Uniroyal, Inc.*, 772 F.2d 1524, 1530 (11th Cir.1985); *see Gundy v. United States*, 728 F.2d 484 (10th Cir. 1984) (burden of proof); *Weise v. United*

*States,* 724 F.2d 587 (7th Cir.1984) (submission of evidence).

The Sixth Circuit has applied the doctrine of "invited error" on numerous occasions, although none of the applications resembles Harvis' case directly. The Sixth Circuit refused to exclude otherwise inadmissible evidence in *All American Life & Casualty v. Oceanic Trade Alliance Council Int'l, Inc.,* 756 F.2d 474, 479–80 (6th Cir.), *cert. denied,* 474 U.S. 819, 106 S.Ct. 67, 88 L.Ed.2d 55 (1985), because the plaintiff had "invited" witnesses to make the references it later sought to exclude. Similarly, the Sixth Circuit affirmed the denial of a motion for judgment notwithstanding the verdict in *American Anodco, Inc. v. Reynolds Metals Co.,* 743 F.2d 417, 421 (6th Cir. 1984), because the motion was based on a defense abandoned earlier in the proceedings. *See also Garza v. Indiana and Michigan Electrical Co.,* 338 F.2d 623, 627 (6th Cir.1964) ("One may not complain of rulings which he invited the court to make."); *Edwards v. United States,* 265 F.2d 909, 910 (6th Cir.), *cert. denied,* 361 U.S. 845, 80 S.Ct. 98, 4 L.Ed.2d 83 (1959) ("There is no warrant of course for the relieving the accused of the consequences of what appears to have been a planned defense stratagem [admission of incriminating testimony] by the device of condemning as 'clear error' of the trial court a seemingly calculated risk of defense counsel which happened not to achieve the intended result with the jury."); *Corbin v. Baltimore & Ohio Railroad Co.,* 234 F.2d 78, 81 (6th Cir.1956) ("[A] party cannot be permitted to take advantage of errors which he has, even in good faith, invited or induced the district court to make.").

 The doctrine of "invited error" is a branch of the doctrine of waiver by which courts prevent a party from inducing an erroneous ruling and later seeking to profit from the legal consequences of having the ruling set aside. It is based on reliance interests similar to those that support the doctrines of equitable and promissory estoppel. Having induced the court to rely on a particular erroneous proposition of law or fact, a party in the normal case may

not at a later stage of the case use the error to set aside the immediate consequences of the error. Plaintiff cannot complain that the District Court allowed a jury to consider his § 1981 claim. He requested a jury trial and thus "invited" the error of a jury verdict in his case. The consequences of plaintiff's action forecloses his request for a remand to the District Court. It is well-settled within the Sixth Circuit that both § 1981 and Title VII carry the same standards of proof. Both § 1981 and Title VII require that Harvis demonstrate discrimination by defendant in order to prevail. *See Daniels v. Board of Educ. of Ravenna City School District,* 805 F.2d 203 (6th Cir.1986); *Jackson v. RKO Bottlers,* 743 F.2d 370 (6th Cir.1984), *cert. denied,* 478 U.S. 1006, 106 S.Ct. 3298, 92 L.Ed.2d 712 (1986). Since a district court judge is bound by the jury's findings of fact in deciding whether a plaintiff is entitled to any remedial relief under Title VII, a remand in this case is unwarranted. *See In re Lewis,* 845 F.2d 624 (6th Cir.1988).

 That *Patterson* changed some of the elements of the § 1981 statutory tort after the jury verdict does not alter the point that the jury found the facts common to both claims against plaintiff's position. The "error" of the District Court, if there was one, was to allow the jury to reach a verdict on a claim that, according to plaintiff, *Patterson* may now render legally insufficient. The District Court had subject matter jurisdiction over the two claims even if *Patterson* means that the Court should have dismissed the § 1981 claim or directed a verdict. Harvis has confused the basic distinction between a lack of jurisdiction and a failure to state or prove a legally sufficient claim. A dismissal for failure to state a claim does not strip a court of subject matter jurisdiction. *See* C. Wright, *Law of Federal Courts* 26 (4th ed. 1983).

Although plaintiff has offered a novel argument with regard to the effect of retroactive application of *Patterson,* he has not demonstrated why he should not be bound by the so-called "error" he induced the District Court to make. He decided to

seek a jury verdict on his § 1981 claim first, and thus "invited the error," if there was error, of a jury trial that resulted in a verdict for defendant, a verdict that forms a proper basis for the application of the doctrine of claim preclusion. Accordingly, the judgment below is AFFIRMED.