936 F.2d 244
 20 Fed.R.Serv.3d 275
 Clay FRYMAN and Bobby Kinder, Plaintiffs-Appellants,
v.
FEDERAL CROP INSURANCE CORPORATION, Defendant,
Central Kentucky All Risk Crop Insurance Agency, Inc.; John
E. Soper, III and Clay Mann, Defendants-Appellees.
 No. 90-5881.
 United States Court of Appeals,
Sixth Circuit.
 Argued May 3, 1991.
Decided June 13, 1991.
 
 Charles W. Rolph, Flemingsburg, Ky., Arthur J. Morburger (argued), Miami, Fla., for plaintiffs-appellants.
 Gordon W. Moss (argued), Hays, Moss & Lynn, Lexington, Ky., Thomas H. Glover, Glover, Herren & Adams, Lexington, Ky., for defendants-appellees.
 Before KEITH and MILBURN, Circuit Judges, and HILLMAN, Senior District Judge*.
 MILBURN, Circuit Judge.
 
 
 1
 Plaintiffs-appellants Clay Fryman and Bobby Kinder appeal from a judgment for defendant Federal Crop Insurance Corporation ("FCIC"), following a bench trial. However, the actual challenge in this appeal is to the summary judgment granted in favor of defendants-appellees Central Kentucky All Risk Crop Insurance Agency, Inc., John E. Soper, III, and Clay Mann in an earlier phase of this bifurcated proceeding. The summary judgment was granted after the district court set aside a jury verdict for plaintiffs by granting a new trial on the basis of the jury instructions. Jurisdiction is based upon 7 U.S.C. Secs. 1506(d) and 1508(c). For the reasons that follow, we affirm.
 
 I.
 
 2
 Plaintiffs in this action were, at all times relevant to this appeal, Kentucky tobacco farmers. Beginning in 1980 and continuing into 1983, plaintiffs insured their crops with the FCIC, a federal agency.
 
 
 3
 Section 13 of the insurance policy allowed either party to cancel the policy for the following crop year upon giving timely notice. Section 10 of the policy reserved to FCIC the right to make changes in the policy according to the following terms.
 
 
 4
 The corporation reserves the right to change any terms and provisions of the contract from year to year. Any changes shall be mailed to the insured or placed on file and made available for public inspection in the office for the county at least 15 days prior to the cancellation date preceding the crop year for which the changes are to become effective, and such mailing or filing shall constitute notice to the insured. Acceptance of any changes will be conclusively presumed in the absence of any notice from the insured to cancel the contract as provided in Section 13 of the policy.
 
 
 5
 The plaintiffs were insured for crop year 1983, neither party having cancelled the policy. However, early in 1982, the FCIC amended coverage for the 1983 crop year by imposing a ceiling linked to each farmer's poundage quota. The FCIC maintains that it sent notice to all policy holders in December of 1982. Plaintiffs maintain that they did not receive notification of the changes. The amendment was published in the Federal Register on March 30, 1982.
 
 
 6
 Defendant Central Kentucky All Risk Crop Insurance Agency, Inc. ("All Risk") and its representatives, defendants Soper and Mann,[1] were at all times relevant to this appeal acting as agents for FCIC. It is undisputed that in June of 1983 defendant Mann went to plaintiffs' farms in connection with annual acreage reports. According to plaintiffs, they inquired of Mann whether their crop insurance continued unchanged from prior years. Plaintiffs claim that Mann answered in the affirmative after making telephone inquiries, presumably to be sure of the correct response.
 
 
 7
 It also appears to be undisputed that the plaintiffs took no action in reliance upon the alleged conversations with Mann as plaintiffs had already planted all the tobacco they intended to grow. When plaintiffs' crops were damaged, they submitted claims. FCIC refused to pay above the ceilings imposed by the 1982 amendment, and this action followed.
 
 
 8
 Plaintiffs sought damages equal to the difference in the amount they were paid under the 1982 amendment and the amount they would have been paid without the 1982 amendment. Plaintiffs alleged breach of contract, misrepresentation, negligence, and violation of the Kentucky Fair Trade Practices Act against FCIC and defendants.
 
 
 9
 Upon a stipulation by the parties, all proceedings were submitted to a magistrate. The magistrate ordered the claims against FCIC bifurcated for a bench trial to follow completion of a jury trial against the other defendants. On January 10 and 11, 1989, the claims against All Risk, Soper, and Mann were tried before a jury.
 
 
 10
 At the close of plaintiffs' proof, defendants moved for a directed verdict on all claims. Defendants argued that since plaintiffs made their decisions concerning insurance and the size of the tobacco crop they planted before the alleged conversations with Mann, there was no detrimental reliance to substitute for consideration. Without actually explaining why there was no need for consideration or what the consideration could have been, the magistrate denied defendants' motion.
 
 
 11
 At the close of all proof the defendants renewed their motion for a directed verdict. In arguing their motion, defendants cited the case of Young v. White, 551 S.W.2d 12 (Ky.Ct.App.1977), as setting forth five requirements for proving an oral contract for insurance and argued that plaintiffs had failed to prove all the requirements. The court held that sufficient evidence had been produced to require submission of the issues to the jury and denied defendants' motion for a directed verdict.
 
 
 12
 The court then took up the matter of jury instructions. All parties requested the equivalent of "instruction 8" which required the jury to determine, first, whether plaintiffs' alleged conversation with Clay Mann occurred, and, second, whether (as required by Young v. White ) the contents of that conversation supplied (1) the purpose of the contract, (2) the type risk protected, (3) the premium rate, (4) the duration of the coverage, (5) the amount of coverage, and (6) the identity of the parties. No party submitted an instruction concerning whether or not plaintiffs had received notice of the 1982 amendment, and no party objected to the lack of such an instruction. The court's instructions to the jury incorporated instruction 8 and permitted liability only upon the oral contract theory. After instructing the jury, the court inquired as to whether the parties had additional instructions, and they answered in the negative. Thereafter, following its deliberations, the jury returned a verdict in favor of plaintiffs for $80,000.
 
 
 13
 On January 11, 1990, the court entered judgment on the jury verdict, and on January 23, 1990, defendants filed a motion for judgment notwithstanding the verdict ("JNOV") or, alternatively, for a new trial arguing, among other things, that the Mann conversation had no legal effect because of the existing contract and a lack of consideration to support an oral contract. The magistrate denied the motion, considering only the argument that the Mann conversation had no legal effect and concluding that there was sufficient evidence to support an oral contract. The magistrate refused to consider JNOV on the remaining arguments since they were not asserted in the motion for directed verdict. See Johnson v. Rogers, 621 F.2d 300, 305 (8th Cir.1980) (JNOV cannot be based upon grounds not asserted in motion for directed verdict).
 
 
 14
 However, the magistrate granted defendants' motion for a new trial on the basis of the court's failure to give an instruction concerning whether or not plaintiffs had received notice of the 1982 amendment. The court explained that
 
 
 15
 [f]rom the beginning, the focus of this case has always seemed to be somewhat off-center. The parties in this action, both in their proof and, especially, in their motions for, and responses to, a directed verdict, argued over whether "notice" of the change was given.... For some reason, however, when it came time to submit jury instructions, both parties tendered instructions addressing the issue of whether the alleged conversation of June, 1983, gave rise to an oral contract of insurance. Neither party asked for an instruction relating to whether the plaintiffs received notice of the change in the contract for 1983, and accordingly, no instruction was given. For the reasons set forth below, the Magistrate concludes that it was plain error not to give such an instruction, and, as a result of such failure, a substantial miscarriage of justice occurred.
 
 
 16
 J.A. 22. The magistrate further explained that although on the surface there appeared to be sufficient evidence to supply the demands of instruction 8 pertaining to plaintiffs' alleged conversation with defendant Mann, the conversation was "completely immaterial to the resolution of this case based on the evidence presented by the parties at trial."
 
 
 17
 The magistrate reasoned that if plaintiffs did not receive notice, they were not bound by the amendment and could recover. Thus, the conversation was immaterial. On the other hand, if the plaintiffs did receive notice, they were bound by the terms of the contract and could not recover. The alleged oral contract could not have changed the terms of the written contract because it was not
 
 
 18
 supported by either actual consideration or some substitute therefore such as detrimental reliance.... The plaintiffs did not agree to pay a larger premium for this more expansive coverage, nor did the plaintiffs rely on the representation of the defendant, Clay Mann, as all planting and setting of the tobacco crop for 1983 had been completed by the time the June, 1983, conversation occurred.
 
 
 19
 J.A. 27.
 
 
 20
 In advance of the new trial, defendants filed a motion for summary judgment. The magistrate granted the motion reasoning that any liability of the defendants, excluding the disclosed principal, FCIC, could only be based upon an oral contract arising from plaintiffs' alleged conversation with Mann, and further that, as stated in the order granting the new trial, there was no consideration to support an oral contract of insurance. The magistrate further stated that any liability based on failure to give notice of the 1982 amendment must be borne solely by FCIC "[s]ince the mailing of such notice of change was performed exclusively by FCIC and not the defendants...."
 
 
 21
 The case then proceeded to a bench trial against the FCIC. At the conclusion of the bench trial, the court concluded that the FCIC had provided timely notice of the 1982 amendment to plaintiffs. Accordingly, judgment was entered for FCIC on May 11, 1990. Plaintiffs filed notice of appeal to this court on July 2, 1990.[2] On January 17, 1991, an order entered by the clerk of this court granted plaintiffs' motion to dismiss FCIC as an appellee.
 
 
 22
 The principal issues presented in this appeal are (1) whether the magistrate abused his discretion in granting the new trial by ignoring the fact that defendants requested instruction 8 so as to invite the error or waive it, and (2) whether the grant of summary judgment amounted to compounding the abuse of discretion.
 
 II.
 A.
 
 23
 The district court's grant of a new trial is reviewed under the abuse of discretion standard and will not be reversed unless the reviewing court has a definite and firm conviction that the trial court committed a clear error of judgment. Logan v. Dayton Hudson Corp., 865 F.2d 789, 790 (6th Cir.1989). Obvious and prejudicial error in instructing the jury constitutes grounds for a new trial even if the party assigning the instructions as error failed to object before the trial court. Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir.1987). The grant of a new trial under these circumstances falls within the trial court's discretion to act to prevent a miscarriage of justice. See Wilhelm v. Blue Bell, Inc., 773 F.2d 1429, 1433-35 (4th Cir.1985), cert. denied, 475 U.S. 1016, 106 S.Ct. 1199, 89 L.Ed.2d 313 (1986). The critical inquiry with regard to jury instructions is "whether the instructions as a whole provide the jury with sufficient guidance concerning the issues to be tried." Bagherzadeh v. Roeser, 825 F.2d 1000, 1003 (6th Cir.1987) (quoting Teal v. E.I. Dupont de Nemours and Co., 728 F.2d 799, 802 (6th Cir.1984)).
 
 B.
 
 24
 The parties do not challenge the rationale followed by the magistrate in reaching his ultimate conclusion; i.e., that the alleged oral contract could not be enforced absent consideration or detrimental reliance. Plaintiffs' challenge is based solely on the contention that "[t]he doctrines of invited error and waiver foreclosed any exercise of discretion" by the magistrate. Plaintiff then reasons that the magistrate was foreclosed from granting a new trial and the summary judgment that followed.
 
 
 25
 Defendants contend that the error was not invited, but merely overlooked. Defendants rely on the rules that, (1) even absent an objection, a party may seek relief from jury instructions which amounted to obvious and prejudicial error or resulted in a miscarriage of justice,[3] and (2) a trial court may award a new trial on its own initiative to prevent a miscarriage of justice.[4] Plaintiffs argue that the doctrine of invited error takes priority over these rules. In their reply brief, plaintiffs also challenge defendants' contention that the error was not invited.
 
 We recently explained that
 
 26
 [t]he doctrine of "invited error" is a branch of the doctrine of waiver by which courts prevent a party from inducing an erroneous ruling and later seeking to profit from the legal consequences of having the ruling set aside. It is based on reliance interests similar to those that support the doctrines of equitable and promissory estoppel. Having induced the court to rely on a particular erroneous proposition of law or fact, a party in the normal case may not at a later stage of the case use the error to set aside the immediate consequences of the error.
 
 
 27
 Harvis v. Roadway Express, Inc., 923 F.2d 59, 61 (6th Cir.1991).
 
 
 28
 We referred to the doctrine as " 'a cardinal rule of appellate review' ... applied ... to a wide range of conduct." Id. at 60 (quoting Crockett v. Uniroyal, Inc., 772 F.2d 1524, 1530 (11th Cir.1985)). Accordingly, in Harvis we held that the plaintiff, having "requested a jury trial and thus 'invited' the error of a jury verdict ..." could not complain that the district court erred in resolving his section 1981 claim on the basis of the jury verdict. Id. at 61.
 
 
 29
 Although Harvis illustrates that the invited error rule is followed in the Sixth Circuit, it does not deal with the tension plaintiffs try to show between the invited error rule and the "plain error" rule. Before addressing this matter, it is expedient to determine where, if anywhere, the obvious and prejudicial error lay in this case.
 
 
 30
 As defendants point out, the magistrate based his grant of a new trial not on the inclusion of instruction 8 but on the failure to give an instruction on the issue of whether or not plaintiffs were notified of the 1982 amendment. Thus, defendants argue that the error was not in requesting instruction 8 but in overlooking the need for an instruction on notice. Plaintiffs argue in their reply brief that by requesting instruction 8 defendants necessarily favored exclusion of an instruction on notice since the two instructions were based on inconsistent theories of liability.
 
 
 31
 However, it appears that as between these plaintiffs and these defendants (as opposed to FCIC), notice was not a dispositive issue. The magistrate's jury instructions, his opinion granting the new trial, and his subsequent opinion granting summary judgment make clear that the only basis for liability against defendants was an alleged oral contract for insurance and that there was no consideration to support the alleged oral contract. As noted earlier, plaintiffs do not challenge the magistrate's reasoning, only his authority to grant relief in the face of invited error. Thus, the obvious and prejudicial error was not so much in omitting an instruction pertaining to notice as in giving an instruction which allowed a finding of liability based on an oral contract (instruction 8), without clearly requiring that the jury find that the oral contract was supported by consideration or detrimental reliance separate and apart from the premiums on the existing written contract. The issue of notice was, and is, irrelevant and could not have formed the basis for a new trial. The issue of notice was only applicable to the plaintiffs' claims against FCIC.
 
 
 32
 It is clear that in Kentucky an oral contract for insurance must be supported by consideration. See Ping v. Denton, 562 S.W.2d 314, 316 (Ky.1978) (a policy of insurance is nothing more than a contract to pay upon a set contingency in exchange for valuable consideration); Cuppy v. General Accident Fire and Life Assurance Corp., 378 S.W.2d 629, 632 (Ky.1964) ("Every contract requires ... consideration...."). It was obvious and prejudicial error to allow the jury to find an oral contract without instructing it that it must find consideration to support the contract. Such error constitutes grounds for a new trial even absent an objection. See Ivey, 832 F.2d at 955. Moreover, given the obvious lack of consideration or detrimental reliance, the question of liability should not have been submitted to the jury. Although the magistrate refused to grant defendants' motions for a directed verdict and judgment notwithstanding the verdict, he reached the same result by following the grant of a new trial with summary judgment.[5] Therefore, despite a circuitous route, the magistrate achieved in substance the same result this court reached in Ivey v. Wilson, 832 F.2d 950 (6th Cir.1987).
 
 
 33
 Ivey involved a section 1983 claim based on cruel and unusual punishment. The jury returned a verdict for the plaintiffs based upon instructions which this court termed "grossly overinclusive." 832 F.2d at 954. After noting that Federal Rule of Civil Procedure 51 generally requires an objection to a jury instruction if it is to be raised as error on appeal, the court recognized that there was an exception for "plain error." Id. at 955. "[T]he federal courts have recognized a narrow exception to the general prohibition of Rule 51 ... where the error was 'obvious and prejudicial' and required action by the reviewing court 'in the interests of justice.' " Ivey, 832 F.2d at 955 (quoting Batesole v. Stratford, 505 F.2d 804, 808 (6th Cir.1974)). Recognizing that the reversal of a jury verdict due to erroneous instructions frequently requires a new trial, this court set aside the verdict concluding that a new trial would be unwarranted. Id. at 955. Since we can affirm the lower court if it reached the right result for the wrong reasons, see Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam), we now consider whether the invited error rule precludes consideration of the obvious and prejudicial error in the jury instructions.
 
 
 34
 First, the invited error rule requires that the party being held to answer have induced the error. See Harvis, 923 F.2d at 60, 61; accord Herman v. Hess Oil Virgin Islands Corp., 524 F.2d 767 (3d Cir.1975) (counsel asked that the trial court not review the evidence in its charge and then asked for reversal seeking more complete instructions relating the law to the facts); Hargrave v. Wellman, 276 F.2d 948, 950-51 (9th Cir.1960) (counsel asked for an instruction on assumption of risk and then sought reversal on the basis of the charge); Kentucky-West Virginia Gas Co. v. Lafferty, 174 F.2d 848, 854 (6th Cir.1949) (party could not challenge an instruction where it induced legal error in an area "fraught with doubt and uncertainty"); United States v. Feroni, 655 F.2d 707 (6th Cir.1981) (criminal case holding that plain error would not justify reversal based on failure to give a curative instruction since defense counsel declined court's offer to give a curative instruction); cf. Matheson v. United States, 227 U.S. 540, 33 S.Ct. 355, 57 L.Ed. 631 (1912) (recognizing that error relating to a charge requested by the challenging party did not require reversal).
 
 
 35
 In this case the only inducement offered by the defendants was the submission of instruction 8. Instruction 8 was not inconsistent with requiring that the oral contract be supported by consideration above and beyond the premiums on the existing written contract. Earlier in the trial, specifically in their motion for a directed verdict at the close of plaintiffs' proof, defendants argued that there was no consideration or detrimental reliance to support an oral contract. Their argument was rejected outright by the magistrate. In their renewed motion for a directed verdict at the close of all the evidence, defendants took the position that plaintiffs had not proven the elements of an oral contract for insurance set out in Young v. White, 551 S.W.2d 12 (Ky.Ct.App.1977). Therefore, defendants induced an earlier erroneous ruling only to the extent that they acquiesced, apparently by oversight, in the magistrate's earlier ruling. This does not amount to the affirmative misconduct that plaintiffs characterize as "dangerous litigation stratagem." Appellants' Brief at 10.
 
 
 36
 Moreover, the doctrine plaintiffs rely on is an equitable doctrine. See Harvis, 923 F.2d at 61. The courts will not allow a party with unclean hands to prevail on an equitable argument. See Cleveland Newspaper Guild, Local 1, v. The Plain Dealer Publishing Co., 839 F.2d 1147, 1154-55 (6th Cir.) (en banc), cert. denied, 488 U.S. 899, 109 S.Ct. 245, 102 L.Ed.2d 234 (1988). Plaintiffs were as much at fault in inviting the error in this case as defendants since all the parties asked for the equivalent of instruction 8.
 
 
 37
 Furthermore, the doctrine of invited error and the cases cited above should not be read to stand for the proposition that invited error forecloses relief when the interests of justice demand otherwise, particularly when such relief is granted by a trial court prior to the entry of final judgment. As we stated in Harvis, the doctrine of "invited error" is a branch of the doctrine of waiver. 923 F.2d at 61. Deviation from the rule of waiver is permissible when application of the rule would result in a manifest injustice. See Singleton v. Wolff, 428 U.S. 106, 121, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976); Pinney Dock & Transp. Co. v. Penn Cent. Corp., 838 F.2d 1445, 1461 (6th Cir.) (citing Hormel v. Helvering, 312 U.S. 552, 558, 61 S.Ct. 719, 722, 85 L.Ed. 1037 (1941)), cert. denied, 488 U.S. 880, 109 S.Ct. 196, 102 L.Ed.2d 166 (1988).
 
 
 38
 In the appellate context, whether or not the circumstances of a particular case justify deviation from the normal rule of waiver is left largely to the discretion of the appellate court. Pinney, 838 F.2d at 1461. The discretion of a trial court to grant a new trial to prevent manifest injustice is analogous. See Wilhelm v. Blue Bell, Inc., 773 F.2d 1429, 1433 (4th Cir.1985), cert. denied, 475 U.S. 1016, 106 S.Ct. 1199, 89 L.Ed.2d 313 (1986); 11 C. Wright and A. Miller, Federal Practice and Procedure, Sec. 2803 (1973); Logan, 865 F.2d at 790. Accordingly, we hold that the invited error rule did not preclude the trial court from relieving defendants of a judgment for which there was no legitimate basis of liability.
 
 III.
 
 39
 For the reasons stated, the judgment for defendants is AFFIRMED.
 
 
 
 *
 Honorable Douglas W. Hillman, Senior United States District Judge for the Western District of Michigan, sitting by designation
 
 
 [1]
 All Risk, Soper, and Mann are referred to collectively herein as "defendants." Because the claims against FCIC were bifurcated from the claims against the other defendants, FCIC is excluded from this designation and will be referred to specifically by name
 
 
 [2]
 An earlier appeal filed before resolution of the claim against FCIC was dismissed on July 25, 1989
 
 
 [3]
 See Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir.1987) (explaining the judicially recognized exception to Federal Rule of Civil Procedure 51)
 
 
 [4]
 Rule 59(a) of the Federal Rules of Civil Procedure allows a federal trial court to grant a new trial "in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Part (d) of Rule 59 allows a court to "grant a motion for a new trial, timely served, for a reason not stated in the motion." The rule requires that the parties have an opportunity to be heard on the new ground, but no argument is made here that plaintiffs did not have an opportunity to be heard
 
 
 [5]
 Since the crucial issue was consideration rather than notice, JNOV could have been granted on the same grounds as raised in defendants' motion for directed verdict at the end of plaintiffs' proof which was renewed at the close of all proof. Thus, to affirm the judgment below would not be to circumvent Johnson, 621 F.2d at 305