**DISTRICT 17, UNITED MINE WORKERS OF AMERICA; Local Union 3029, United Mine Workers of America, unincorporated associations, Plaintiffs–Appellees,**

v.

**A & M TRUCKING, INCORPORATED, a corporation, Defendant–Appellant.**

**No. 92–2008.**

United States Court of Appeals, Fourth Circuit.

Argued March 2, 1993.

Decided April 12, 1993.

Forrest Hansbury Roles, Smith, Heenan & Althen, Charleston, WV, for defendant-appellant.

Charles F. Donnelly, Charleston, WV, for plaintiffs-appellees.

Before HALL and LUTTIG, Circuit Judges, and HOWARD, United States District Judge for the Eastern District of North Carolina, sitting by designation.

## OPINION

LUTTIG, Circuit Judge:

Appellant, A & M Trucking Company, appeals from an order of the district court granting a preliminary injunction to appellees, District 17 and Local Union 3029, United Mine Workers of America. A & M Trucking Company contends that the district court erred in failing to require appellees to post security for the injunction and in failing to hold an evidentiary hearing as required by section 7 of the Norris–La Guardia Act, 29 U.S.C. § 107. We agree with both contentions, and therefore vacate the district court's injunction.

## I.

On May 9, 1991, appellees, District 17, United Mine Workers of America, and Lo-cal 3029, United Mine Workers of America (collectively, "the Unions"), filed a grievance against appellant, A & M Trucking, Inc. ("A & M"). The Unions claimed that A & M had violated their collective bargaining agreement by subcontracting the hauling of coal. An arbitrator heard the case and found in favor of the Unions on June 5, 1992. The arbitrator ordered A & M to "cease and desist" its "subcontracting [of] certain hauling of coal" and to compensate the local union for the days on which the company had used contractors instead of union drivers. J.A. at 19. Whether A & M has complied with the arbitrator's order is in dispute and not apparent from the record.

On July 2, 1992, the Unions brought the instant action, seeking confirmation of the arbitrator's decision and requesting a preliminary injunction, enforcing the arbitrator's order and award pending a final decision on the merits. On the same day, the district court entered a temporary restraining order, prohibiting A & M "from contracting out classified work and from failing to meet with the [Unions] concerning the amount of backpay, if any, due [their] members." *Id.* at 23. The court scheduled for July 10 a hearing on the motion for preliminary injunction. On July 8, A & M filed a motion to dissolve the temporary restraining order and a counterclaim, asking the court to vacate the arbitrator's decision. On July 10, the district court entertained arguments by counsel for both parties in its chambers, took the motion for preliminary injunction under advisement and, over A & M's objection, extended the temporary restraining order for ten more days. *Id.* at 66, 69. On July 21, the district court entered a preliminary injunction prohibiting A & M "from contracting out bargaining unit work while members of the bargaining unit remain available for employment" and remanding the dispute to the arbitrator to resolve the question of backpay. *Id.* at 35. The court received no evidence, heard no witnesses, and required no injunction bond. On July 31, A & M filed a notice of appeal from the court's

entry of the injunction.[1]

## II.

▆▆▆] A & M first argues that the district court's failure to require the Unions to post security for the issuance of the preliminary injunction was error. We agree. Rule 65(c) of the Federal Rules of Civil Procedure provides that "[n]o restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." The rule is unambiguous, and the "[f]ailure to require a bond before granting preliminary injunctive relief is reversible error." *Maryland Dep't of Human Resources v. United States Dep't of Agric.,* 976 F.2d 1462, 1483 & n. 21 (4th Cir.1992) (citing cases). The district court made no mention whatsoever of this requirement in its three-page order granting the preliminary injunction. *See* J.A. at 33–35.[2] On remand, the court should require the Unions to post security in an amount it deems appropriate.

## III.

▆▆ A & M also argues that the court erred in not holding an evidentiary hearing in accordance with the Norris–La Guardia Act. Again, we agree.

The district court entered the injunction ten days after hearing the arguments of both parties' lawyers in its chambers. Section 7 of the Norris–La Guardia Act, however, provides:

No court of the United States shall have jurisdiction to issue a temporary or permanent injunction in any case involving or growing out of a labor dispute, as defined in this chapter, *except after hearing the testimony of witnesses in open court* (with opportunity for cross-examination) in support of the allegations of a complaint made under oath, and testimony in opposition thereto, if offered, . . . .

29 U.S.C. § 107 (emphasis added). There is no disagreement that this case involves a "labor dispute,"[3] or that the district court issued the July 21 injunction without a hearing in open court and without the testimony of witnesses. Accordingly, under the plain language of the statute, the district court lacked jurisdiction to issue the injunction.

The Unions make three principal arguments in response, each of which we reject. First, relying upon *Drivers, Chauffeurs, Warehousemen & Helpers Teamsters Local Union No. 71 v. Akers Motor Lines,* 582 F.2d 1336 (4th Cir.1978), *cert. denied,* 440 U.S. 929, 99 S.Ct. 1266, 59 L.Ed.2d 485 (1979), and *Lever Bros. Co. v. International Chemical Workers Union, Local 217,* 554 F.2d 115 (4th Cir.1976), they point to an exception to the Norris–La Guardia Act for

---

**1.** The Unions claim that the district court later offered to entertain a motion for reconsideration and to hear witnesses, but that A & M declined the invitation in favor of filing the instant appeal. The Unions also maintain that in September 1992, they obtained an order to show cause for A & M's alleged continued noncompliance with the arbitrator's decision, and that the district court held an evidentiary hearing on December 8, 1992, on the order to show cause. A & M disputes much of the Union's description of these events, *see* Reply Br. at 3, which are not included in the record submitted to this court.

**2.** In contrast, the court did require the Unions to post a $500 bond as security for the temporary restraining order, *id.* at 23, and was careful to keep that bond in place when it extended the temporary restraining order for ten days, *id.* at 3. The court's complete silence as to the bond

requirement for the injunction distinguishes the instant case from those in which a court, in its discretion, chooses to set the bond amount at zero. "Unlike the computation of the bond amount, which may be set 'in such amount as the court deems proper,' the decision whether to require a bond is strictly circumscribed by the terms of Rule 65(c)." *Maryland Dep't of Human Resources,* 976 F.2d at 1483 (quoting Fed. R.Civ.P. 65(c)).

**3.** The Act defines "labor dispute" as "includ[ing] any controversy concerning terms or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment, regardless of whether or not the disputants stand in the proximate relation of employer and employee." *Id.* § 113(c).

injunctions to enforce arbitral awards where the employer's actions would otherwise render the arbitral process a "hollow formality." That exception applies only where an employer's conduct presents "compelling circumstances," *Akers*, 582 F.2d at 1341, such that without the injunction a subsequently rendered arbitral award "could not return the parties substantially to the *status quo ante.*" *Lever Bros.*, 554 F.2d at 123. The exception is inapplicable to the circumstances present here.[4]

Second, the Unions argue that the court's chambers conference was the functional equivalent of an evidentiary hearing. This argument is without merit in light of section 7's unambiguous requirements of a hearing *in open court*, in which the testimony of witnesses (with an attendant opportunity for cross-examination) is taken. *See* 29 U.S.C. § 107; *see also In re Dist. No. 1—Pac. Coast Dist., Marine Eng'rs' Beneficial Ass'n*, 723 F.2d 70, 76–77 (D.C.Cir.1983) ("Strict adherence to the Act's procedures is not a mere matter of form: A district court has no *jurisdiction* under the Norris–La Guardia Act to issue a labor injunction without adhering to the explicit terms of the Act."); *International Union, UAW v. LaSalle Mach. Tool, Inc.*, 696 F.2d 452, 457 (6th Cir.1982) (" 'The fact that this case involves an injunction against an employer does not mean that the District Court was free to ignore the procedural mandates set forth in § 7 of the Norris–La Guardia Act....' " (citation omitted)). The Unions' motion for a preliminary injunction was scheduled for discussion and apparently was discussed at the district court's July 10 conference. A chambers conference, however, simply does not satisfy the section 7 requirements that a hearing be held "in open court" and that the testimony of witnesses be taken.

Third, the Unions urge us to apply the doctrine of "invited error" and to hold that by declining a subsequent offer of a hearing and "by ignoring the Court's Order prohibiting contracting out while bargaining unit members were available for work, A & M cannot be heard to complain on appeal." Appellees' Br. at 11–12. Not only does this argument rest on bitterly disputed factual premises, but it misconstrues the "invited error" doctrine, " 'a branch of the doctrine of waiver by which courts prevent a party from inducing an erroneous ruling and later seeking to profit from the legal consequences of having the ruling set aside,' " *Fryman v. Federal Crop Ins. Corp.*, 936 F.2d 244, 249 (6th Cir.1991) (citation omitted). A & M did not invite the district court to ignore the Norris–La Guardia Act; on the contrary, it specifically argued to the district court that it had failed to comply with the procedures required by the Act. *See* J.A. at 41.[5]

## CONCLUSION

Federal Rule of Civil Procedure 65(c) requires the posting of a bond before the issuance of an injunction. Section 7 of the Norris–La Guardia Act requires an evidentiary hearing in open court before the issuance of an injunction in a labor dispute. Because the district court neither required the Unions to post a bond nor held a hearing in accordance with the Norris–La Guardia Act, we vacate the preliminary injunction entered below and remand for proceedings not inconsistent with this opinion.

**VACATED AND REMANDED.**

---

4. In *Akers,* the employer was attempting to liquidate his business while arbitration was pending. In *Lever Brothers,* the employer was attempting to transfer permanently its plant from Maryland to Indiana while arbitration was pending. The Unions in the instant case allege no comparable threat.

5. We also reject the Unions' contention that the December 8 hearing, *see supra* note 1, has ren-

dered A & M's appeal moot. That hearing, of which this court has no record and which apparently concerned a separate motion, did not change the fact that the July 21 injunction, which remains in place, issued in violation of Fed.R.Civ.P. 65(c) and § 7 of the Norris–La Guardia Act.