25 F.3d 1047
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Kenneth CARPENTER, Plaintiff-Appellant,
v.
DEPARTMENT OF ENERGY and Office of Personnel Management,
Defendants-Appellees.
 No. 93-5396.
 United States Court of Appeals, Sixth Circuit.
 May 20, 1994.
 
 Before: KEITH and BATCHELDER, Circuit Judges; and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 The district court dismissed Kenneth Carpenter's suit challenging the Department of Energy's revocation of his security clearance for lack of subject matter jurisdiction. Carpenter appeals and we affirm, although not entirely on the ground stated by the district court.
 
 I.
 
 2
 Carpenter was granted a security clearance in 1967, which enabled him to work for a government contractor. In 1987, the Office of Personnel Management ("OPM") conducted a field investigation to determine Carpenter's eligibility to retain his security clearance. This investigation revealed numerous allegations, the most serious of which concerned Carpenter's alleged physical abuse of his daughter and wife. The Department of Energy ("DOE") then requested Carpenter to submit to a psychiatric examination pursuant to 10 C.F.R. Secs. 710.10(b) and (c) and 710.11(h). Carpenter failed to appear at three scheduled examinations, resulting in the suspension of his clearance. Following a two-day evidentiary hearing, the hearing officer recommended that Carpenter's clearance be revoked, based upon his refusal to submit to a psychiatric examination. On review, three independent personnel security review examiners concurred. The Acting Assistant Secretary of Defense Programs issued a final determination, pursuant to 10 C.F.R. Sec. 710.32, revoking Carpenter's clearance.
 
 
 3
 Carpenter filed suit in district court challenging the revocation of his security clearance, and asserting as jurisdictional bases the Administrative Procedures Act, 5 U.S.C. Secs. 701 et seq.; the "right to privacy under 42 U.S.C. Sec. 1983"; the Freedom of Information Act, 5 U.S.C. Sec. 552; and Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). Carpenter claimed that he was wronged by the DOE's demand for a psychiatric examination, allegedly without a rational basis for doing so, and the DOE's failure to disclose the identities of all persons who gave derogatory information about him to the field investigator. Carpenter sought the reinstatement of his clearance and such legal and equitable relief that could be granted.
 
 
 4
 Defendants moved pursuant to Fed.R.Civ.P. 12(b)(1) and (b)(6) to dismiss Carpenter's suit for lack of subject matter jurisdiction and for failure to state a claim on which relief can be granted. The district court granted the motion, interpreting Carpenter's amended complaint as seeking review of the merits of the decision to revoke his clearance, a claim over which the court lacked subject matter jurisdiction under Department of Navy v. Egan, 484 U.S. 518 (1988). Carpenter moved for reconsideration, contending that his complaint raised procedural and civil rights violations which entitled him to relief. The district court denied the motion.
 
 II.
 
 5
 The district court correctly concluded that it lacked subject matter jurisdiction to review the substance of the DOE's security clearance determination. Department of Navy v. Egan, 484 U.S. 518 (1988). However, Carpenter's constitutional challenges to the defendants' conduct during the course of their investigation and decision-making process were within the subject matter jurisdiction of the court. See Webster v. Doe, 486 U.S. 592, 601-05 (1988); National Federation of Fed. Employees v. Greenberg, 983 F.2d 286, 290 (D.C.Cir.1993). We nonetheless affirm the district court's dismissal of this case because the balance of Carpenter's amended complaint failed to state claims on which relief could be granted.[1]
 
 
 6
 A claim under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), seeking damages for an alleged constitutional violation may not be maintained against federal agencies. Federal Deposit Ins. Corp. v. Meyer, 62 U.S.L.W. 4138, 4142-43 (1994). Moreover, there is no property right to a security clearance. Id. at 528. Nor has Carpenter identified a protected liberty interest in this case. Egan, 484 U.S. at 528-29; Mertik v. Blalock, 983 F.2d 1353, 1362-63 (6th Cir.1993); Beattie v. United States, 949 F.2d 1092, 1094-95 (10th Cir.1991). Consequently, Carpenter has no viable claim that he was deprived of a property or liberty interest without due process of law. Jones v. Department of Navy, 978 F.2d 1223, 1225 (Fed.Cir.1992); Dorfmont v. Brown, 913 F.2d 1399, 1403-04 (9th Cir.1990), cert. denied, 499 U.S. 905 (1991); Jamil v. Secretary, Dep't of Defense, 910 F.2d 1203, 1209 (4th Cir.1990). Carpenter's due process claim thus fails as a matter of law.
 
 
 7
 A damages claim for invasion of privacy likewise cannot be maintained under Meyer, 62 U.S.L.W. at 4142-43, and Carpenter did not and could not allege any state action to bring his claim under 42 U.S.C. Sec. 1983. Moreover, even assuming that a psychiatric examination invades a constitutionally protected zone of privacy, the limited intrusion involved was justified in light of the clear and compelling public interest in permitting federal agencies the ability to gather information they deem relevant to the granting of a security clearance. Egan, 484 U.S. at 527-30; Daury v. Smith, 842 F.2d 9, 14 (1st Cir.1988).
 
 
 8
 While the district court had the power to require defendants to follow their own regulations, Carpenter did not demonstrate any violation of the applicable regulations. Hill v. Department of Air Force, 844 F.2d 1407, 1412 (10th Cir.), cert. denied, 488 U.S. 825 (1988) (noting that even if the district court had found a violation of a particular procedure, the "remedy would have been a remand for the purpose of compliance with applicable procedures, not an order requiring reinstatement of [plaintiff's] clearance.").
 
 
 9
 Finally, Carpenter's statutory challenge to the defendants' failure to disclose the identity of persons who were interviewed during the OPM's field investigation is without merit. Carpenter failed to allege that he made a request for records as required by both the Freedom of Information Act, 5 U.S.C. Sec. 552(a), and the Privacy Act, 5 U.S.C. Sec. 552a(b). Moreover, based on Carpenter's recital of the facts, it appears that the information sought was exempted from disclosure under both statutes. 5 U.S.C. Secs. 552(b)(7)(D), 552a(k)(5).
 
 
 10
 We have thoroughly considered each of Carpenter's contentions, and conclude that the district court lacked subject matter jurisdiction to review the merits of the revocation decision, and that the balance of Carpenter's amended complaint failed to state claims on which relief could be granted.
 
 
 11
 AFFIRMED.
 
 
 
 *
 Honorable Charles W. Joiner, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 This court can affirm the district court if it reached the correct result, even if for the wrong reasons. Fryman v. Federal Crop Ins. Corp., 936 F.2d 244, 250 (6th Cir.1991)